

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-29-2008

# USA v. Adams

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3437

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Adams" (2008). *2008 Decisions.* Paper 1117.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1117

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3437
_____

UNITED STATES OF AMERICA

vs.

RODERICK C. ADAMS

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 05-cr-00051)
District Judge:  The Honorable Gary L. Lancaster

_____

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2008

BEFORE:  SMITH and NYGAARD, Circuit Judges,
and STAFFORD,[*] District Judge.

(Filed: May 29, 2008)
_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

---

[*] Honorable William H. Stafford, Jr., Senior District Judge for the United States
District Court for the Northern District of Florida, sitting by designation.

Appellant Roderick Adams worked as a computer systems administrator at the United States Navy's recruiting center in Pittsburgh. A heated exchange between Adams and Senior Chief Scott Ewen erupted into physical violence. Ewen testified that Adams ran toward him and pushed him against the wall, struck him in the face, causing Ewen to fall backwards over a box and to land on the floor. Ewen testified that he remembers nothing of the event from the point where Adams ran toward him. Ewen maintained that he never hit or shoved Adams. Ewen was taken to a hospital where he remained for two days. He was treated for rib injuries and kept under observation for a severe concussion. He also suffered a fracture of his right orbital bone and broken teeth. Adams' version of the incident differs from Ewens'.

A grand jury charged Adams with violating 18 U.S.C. § 111(a)(1) and (b), which criminalizes the intentional assault and infliction of bodily injury on an officer or employee of the United States Government, while that person was engaged in the performance of official duties. Adams appeals his conviction following a jury trial. We will affirm.

On appeal, Adams argues that the evidence presented by the Government was insufficient to prove that he intentionally assaulted and inflicted bodily injury upon Ewen. Adams maintains he was acting in self defense and that the Government failed to meet its burden of proving otherwise. Adams argues and the Government does not dispute that he presented evidence supporting his theory of self-defense. The problem for Adams,

2

however, is that the Government presented contradictory evidence and that the jury found the Government's evidence more credible than Adams'.

The standard of review for a claim of insufficiency of evidence is whether there is substantial evidence, when viewed in the light most favorable to the Government, to support the jury's verdict. *Government of the Virgin Islands v. Williams*, 739 F.2d 936, 940 (3d Cir. 1984). Adams carries a heavy burden on appeal — a burden he has not met.

Adams also challenges the District Court's jury instructions on the question of self-defense. He argues that the instructions were legally inaccurate and confusing to the jury. However, because Adams did not object to the jury instructions that were given at his trial, we review the instructions for plain error only. FED.R.CRIM.P. 52(b). Reading the charge as a whole, we find no plain error in the District Court's jury instructions. The instructions are proper and comport with federal jurisprudence on self-defense.

We have considered all of the arguments raised by Adams and we conclude that no error was committed in this trial. We will affirm the conviction.